IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARVIN L. SMITH,**

    **Petitioner,**

v.                              **CIVIL ACTION NO. 1:07cv67**
                                         **(Judge Keeley)**

**WARDEN WILLIAM HAINES,**

    **Respondent.**

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2241**

**I. Procedural History**

On May 17, 2007, Marvin L. Smith [hereinafter referred to as "petitioner"], a state prisoner, initiated this case by filing a Petition for Writ of Habeas Corpus. On June 1, 2007, his Motion for Leave to Proceed *in forma pauperis* was granted. On September 11, 2007, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted. Consequently, the respondent was directed to respond to the petition and did so by filing a Motion to Dismiss and Memorandum in support thereof on October 4, 2007. On October 5, 2007, a Roseboro Notice was issued, and the petitioner filed a reply to respondent's Motion to Dismiss on November 2, 2007. On January 30, 2008, the petitioner filed a document which was docketed as a Motion to Release or Dismiss.

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

**II. Material Facts**

On November 16, 1995, the petitioner was found guilty by a jury in the Circuit Court of Kanawha County of three counts of sexual assault. On July 31, 1996, the petitioner was sentenced to three concurrent indeterminate terms of ten years to twenty fives years.(Doc. 16-2, p.2). The sentencing order gave the petitioner credit for 732 days served in jail prior to the date he was sentenced. (Id.). Based on his effective sentence date of July 19, 1994, the petitioner's minimum discharge date was January 27, 2006.[1]

On September 23, 1997, the petitioner violated established disciplinary rules by committing "assault and/or battery" on a nurse at the Mount Olive Correctional Complex. The petitioner was found guilty after a disciplinary proceeding and lost 365 days of good time credit. (Doc. 16-2. Pp. 8-13).

On August 8, 2005, the petitioner was released on parole. One of the conditions of his parole was to register as a sex offender. (Doc. 16-2, p. 17). The petitioner remained on parole status until July 11, 2006, when an arrest warrant for violation of his parole was issued. The petitioner received sentence credit for the 337 days he was out on parole and deemed to be serving his sentence. However, while he was out on parole from August 8, 2005 to July 11, 2006, the petitioner did not earn 337 days of good time credit towards his maximum sentence.[2]

---

[1] Under West Virginia Code, § 28-5-37, an inmate may earn one day of good time credit for every day deemed spent serving time under the inmate's sentence. For an indeterminate sentence, good time credit is deducted only from the maximum sentence and does not serve to reduce the minimum sentence or initial parole eligibility date. W.Va. Code, § 28-5-27(b). An inmate who earns a day of good time credit for every day spent serving his sentence will be able to discharge his sentence in half the time of his maximum sentence. Therefore, in petitioner's case, the earliest date he could have discharged his maximum sentence of twenty-five years would have been after serving 12 ½ years of his sentence, assuming a maximum award of good time credits.

[2] Under West Virginia Code, § 28-5-27(c), "[n]o inmate may be granted any good time for time served either on parole or bond or in any other status whereby he or she is

On July 11, 2006, the Commissioner of Corrections issued a warrant for the petitioner's arrest on parole violation charges. (Doc. 16-2, p.22). The petitioner was subsequently arrested in Florida, waived extradition, and was returned to West Virginia on December 10, 2006, to face parole violation charges. (Doc. 16-2, pp. 25-27). From July 12, 2006, to December 10, 2006, the petitioner was not credited with any incarceration time towards his maximum sentence or any corresponding good time credit. (Doc. 16-2, p. 20).[3]

On January 19, 2007, the petitioner's paroled was revoked. (Doc. 16-2, p. 29). As of December 10, 2006, the date the petitioner was returned to West Virginia and the custody of the Division of Corrections, he had accumulated the following time towards his maximum twenty-five years or 9131.25 days[4]:

1. 4,028 days of jail/incarceration time for the period 7/29/94-8/8/05;

2. 3,365 days of good time credit for the period 7/29/94-8/8/05, which is 4,028 days minus the 365 days he lost for the disciplinary infraction on September 23, 1997;

3. 337 days on parole from 8/8/05-7/11/06.

This credited time towards the petitioner's sentence totaled 8,028 days. Therefore, when the petitioner returned to prison on December 10, 2006, he still had 1,102.25 days to serve on his maximum sentence of twenty-five years. If he earned all future day for day good time, the petitioner needed to serve 5551.625 days of incarceration to discharge his sentence. Again,

---

not physically incarcerated."

[3]Under West Virginia Code, § 62-12-19(f), "a warrant filed by the commissioner shall stay the running of his or her sentence until the parolee is returned to the custody of the Division of Corrections and physically in West Virginia."

[4]To arrive at the days, the years are multiplied by 365.25.

assuming he does not lose any additional good time for violation of prison disciplinary rules, he will finish serving those remaining 551.625 days on June 13, 2008.

### III. Issues Presented

**A. The Petition**

The petitioner alleges that he has been denied jail and good time credits in retaliation for filing state and federal lawsuits against the "department of corrections medical officials. He also alleges that his sentence was unlawfully extended when his parole was revoked in January of 2007. As relief, he is apparently asking this Court to grant him probation because he was not given advance knowledge of the sex offenders registration act. The petitioner also is asking for probation because of numerous deaths in his family and his own mental condition.

**B. Motion to Dismiss**

The respondent argues that the petitioner should be dismissed because:

1. The petitioner filed outside the one year period of limitations under 28 U.S.C. § 2244(d)(1);

2. The petitioner has not exhausted state judicial remedies for any claim which might have arisen within the one year period of limitation prior to this action being filed on May 1, 2007;

3. The petitioner has failed to state a claim upon which relief can be granted in federal court; and

4. The petitioner has failed to state a claim that the denial of statutory incarceration and good time credits violates the Constitution, laws or treaties of the United States.

**C. Petitioner's Reply**

In his reply, the petitioner makes no effort to address the specific grounds raised by the respondent in support of his motion to dismiss. Instead, the petitioner, in a rambling thirty-two

page document, restates his original petition and includes claims that appear to allege that the conditions of his confinement violate his right to be free from cruel and unusual punishment. In addition, the petitioner alleges a conspiracy on the part of numerous state officials and members of the United States District Court for the Southern District of West Virginia to keep him incarcerated.

## IV. Standard of Review

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

## V. Discussion

**A. One Year Period of Limitation Under 28 U.S.C. § 2244(d)(1)**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d) specifically provides that a 1-year limitation shall apply to an application of habeas corpus by a person in custody pursuant to the judgment of a State Court. This one year limitation period applies to all applications for a writ of habeas corpus, including challenges regarding good time credits. See Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Although the petition in this matter is far from clear, it is apparent that the petitioner believes that the Division of Corrections did not award him the 721 days good conduct time to correspond with the 721[5] days of jail credit that the sentencing judge awarded him at his sentencing on July 31, 1996. This issue was the subject of a habeas corpus action in the Circuit Court of Kanawha County that was dismissed in 2005. The dismissal was upheld by the West Virginia Supreme Court on November 29, 2005. ((Doc. 16-3). Under 28 U.S.C. §2244(d)(2), any tolling period as to this claim ended on November 29, 2005, when the West Virginia Supreme

---

[5]As noted earlier in this Report-Recommendation, the sentencing judge actually awarded the petitioner 732 days of jail credit for time served in jail prior to his sentencing date of July 31, 1996.

Court of Appeals denied his petition for appeal of the dismissal of his habeas petition in the Circuit Court of Kanawha County. Because the petitioner did not file his pending federal habeas petition until May 1, 2007, this claim is clearly outside the one year limitation period and should be dismissed.

Although the petitioner does not specifically challenge the loss of 365 days of good conduct times as the result of a disciplinary action, he does make a vague reference to "the department of corrections is acting with prejudice by deliberately attempting to find ways to write the defendant." (Doc. 1-1, p.1). However, to the extent that the petitioner may be attempting to challenge this denial of good conduct time, the instant petition is again beyond the one year statute of limitations because the petitioner did not file any state post-conviction or other collateral review, which would serve to toll the period of limitation with respect to the loss of that good time in 1997. (Doc. 16-4, pp. 2-5).

**2. Failure to Exhaust State Judicial Remedies**

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th cir. 1997). This includes claims that his continued confinement is unlawful, including claims that he has been unlawfully deprived of good conduct/good time credits or had parole revoked. See Preiser v.Rodriguez, 411 U.S. 475 (1973)(Exhaustion of state remedies is required where the actions challenged are those of a state administrative body)

With respect to the January 19, 2007, revocation of his parole and subsequent recalculation of his minimum discharge date, the petitioner filed habeas court actions in state court **after** he had filed the present federal habeas corpus action. The first such action was filed on August 2, 2007

7

in the Circuit Court of Kanawha County. (Doc. 16-4, pp. 6-28). The second action was filed in the Circuit Court of Kanawha County on September 17, 2007. (Doc. 16-5, pp. 1-18). Both habeas corpus actions were still pending at the Circuit Court level in October of 2007, three months after he filed his federal petition. (Doc. 16-4, p. 3).

West Virginia Code §§ 53-4-1 and 53-4A-1, provide concurrent jurisdiction in both the state circuit courts and the Supreme Court of Appeals for all habeas corpus actions. A denial of a habeas corpus action by a Circuit Court may be appealed to the West Virginia Supreme Court of Appeals. Because the petitioner's claims regarding his parole revocation were still pending in the Circuit Court when he filed the instant action, and must still be appealed to the West Virginia Supreme Court, the petitioner has not exhausted his state remedies with respect to this claim which is still within the one year period of limitations. As a consequence, any claim that he is attempting to raise regarding his parole revocation must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

## VI. Recommendation

Based on the foregoing, it is recommended that the Motion to Dismiss (Doc. 15) be **GRANTED**, and the petition be **DISMISSED WITH PREJUDICE** as to those claims involving the award of good conduct time in the amount of 732 days and forfeiture of 365 days of good conduct as the result of a disciplinary infraction and **DISMISSED WITHOUT PREJUDICE** as to any claim involving parole revocation. In addition, the undersigned recommends that the petitioner's Motion to Release or Dismiss (Doc. 22) be **DENIED** as moot.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.   .

Dated: May 14, 2008

     /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**